UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA K. WHITE,<br><br>  PLAINTIFF,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.<br><br>  DEFENDANT. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NUMBER:<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

This is an action brought by the Plaintiff, Lisa K. White, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

1. The Plaintiff, Lisa K. White, is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. The Defendant, NCO Financial Systems, Inc. (hereinafter "NCO") is a corporation registered to do business in Alabama with the Alabama Secretary of State. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

3. In June, 2008, Defendant attempted collection activities against Plaintiff for a debt allegedly owed to Wachovia Bank.

4. The alleged and disputed debt of Plaintiff claimed by NCO was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

5. In the course of attempting to collect the alleged debt, in June, 2008, an agent or employee of NCO called the home of Plaintiff and asked to speak with "Marion Kimsey." Plaintiff told the caller that Marion Kimsey did not live there. Defendant then asked "is this Lisa" to which Plaintiff replied, "Yes, it is, Marion is my mother, but she doesn't live here."

6. Defendant then asked Plaintiff if she could get a message to "Marion." Plaintiff asked if this was a sales call, and the Defendant said no, that it was in regards to a Wachovia account and that she was with NCO, a debt collector. Plaintiff then provided Defendant with "Marion's" cell phone number.

7. The Defendant asked Plaintiff if she thought her mother would "handle this" to which Plaintiff replied "I don't know, I doubt it, she has no resources." The Defendant continued to discuss the debt with Plaintiff by stating that they could "make arrangements" by having collection fees waived, etc.

8. The Defendant then told the Plaintiff that if Marion could not pay then Plaintiff would be responsible for this debt because she was also on the account. Plaintiff told Defendant that she was not on the account, and that she was not responsible for this debt. Defendant insisted that Plaintiff was on the account, but Plaintiff told her that she was not, and

that there could possibly be a "note" on the account about her because she had power of attorney for her mother, but that she most certainly was not "on" or liable for the account and that Wachovia knew that. Plaintiff told Defendant that she had spoken with Wachovia who had ensured her that she was not liable on the account, to which Defendant replied "[W]ell how true is that? Because you are on it and I am calling you."

9. Defendant then told Plaintiff "I don't even think that you are lying, but this is what happens when you try to help people, even your family, you get yourself into trouble."

10. The Defendant also asked Plaintiff if she owned a home, and Plaintiff said "yes, why?" Defendant then stated that if she had not owned a home, that she would have trouble getting one because of the information that would be on her credit report as a result of this debt.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

11. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

12. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

13. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

14. The Defendant violated §1692e(2)(a) by falsely representing the legal status of a debt.

15. The Defendant violated §1692e(4) by implying that the non-payment of the debt would subject the Plaintiff's property to seizure, garnishment, or attachment, which action would be unlawful.

16. The Defendant violated §1692e(8) by threatening to communicate credit information which was known, or should have been known, to be false.

17. The Defendant violated §1692e(11) by failing to disclose in an initial oral communication that the debt collector was attempting to collect a debt and that any information obtained would be used for that purpose.

18. The Defendant violated § 1692c(b) by communicating with a third-party without the prior consent of the consumer or the express permission of a court when Defendant knew or should have known Plaintiffs' correct contact information.

19. The Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of §1692d.

20. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for embarrassment, worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## INVASION OF THE RIGHT OF PRIVACY

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying the debt.

23. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of NCO.

24. Said communications constitute the wrongful intrusion into her solitude and seclusion.

25. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION

26. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

27. The Defendant knew or should have known that said conduct was improper.

28. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

29. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

30. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, worry, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C. §1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. §1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages, and,

F.  Such other and further relief that this Court deems necessary, just and proper.

*[signature]*
Whitney Seals, Esq.
Attorney for Plaintiff

*[signature]*
Michael Lindsey, Esq.
Attorney for Plaintiff

**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

Lindsey Law Firm, L.L.C.
One Perimeter Park South, Ste 330 N
Birmingham, AL 35243
(205) 970-2233
(205) 278-8522 (facsimile)

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

NCO Financial Systems, Inc.
c/o The Corporation Company
2000 Interstate Park Dr, Ste 204
Montgomery, Al 36109